3: CV 09- 338

**EXHIBIT A**

Allison Straker
Defendant, Pro Se
506 Skyline Drive
Blakeslee, PA 18610

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST | : | IN THE |
| COMPANY, AS TRUSTEE, | : | OF : |
| | : | |
| Plaintiff, | : | CIVIL ACTION-LAW |
| vs. | : | |
| | : | ACTION OF MORTGAGE |
| ALLISON STRAKER, | : | FORECLOSURE |
| | : | |
| Defendant. | : | No. 3232-CV-07 |
| | : | |

## PETITION OF ALLISON STRAKER TO OPEN AND/OR STRIKE DEFAULT JUDGMENT

Petitioner, Allison Straker, pro se, files this her Petition to open and/or strike a default judgment and in support thereof states as follows:

1. Petitioner, Allison Straker, is a defendant in this action.
2. According to the sheriff's return in the court record, Allison Straker was served on May 17, 2007 through service of the complaint on a person named Ann Modeste.
3. There is no evidence in the record that the person served, Ann Modeste, was an adult family member of the family with whom the defendant resides or that she was the person in charge of said residence, or that she had any authority to accept service of process on Defendant Allison Straker's behalf. The notation next to the name and title of the individual served are the words "Deft. Friend". It is impossible to conclude that service of process conformed to Pa. R. Civ. P. 402, which requires an adult member of the family, or adult person in charge of the residence. Serving a "friend" or mere acquaintance does not conform to the aforementioned rule. *See Legett v. Amtrak, 1990 WL 182148, at 2 (E.D. Pa. Nov. 26, 1990).*
4. A judgment by default was improperly entered against Petitioner because of the improper service.

1

5. The service defect is fatal and appears and is apparent on the face of the record. A review of the Sheriff's return of service clearly shows the defect on the face of the return.

6. When deciding if there are fatal defects on the face of the record for the purposes of a petition to open or to strike, a court may only look at what was in the record when the judgment was entered. *Cintas Corp. v. Lee's Cleaning Servs., 549 Pa. 84, 89-90, 700 A.2d 915, 917 (1997).*

7. A Judgment entered against a party over which the court does not possess valid jurisdiction due to a fatal defect in service of process is void. In order to exercise jurisdiction over a party, that party must be served with the complaint in a manner provided by the rules of civil procedure. *U.K. LaSalle, Inc. v. Lawless, 618 A. 2d 447, 449 (Pa. Super. 1992).*

8. Defendant's failure to bring this fatal defect on the record by filing a motion to open and/or strike default judgment was the result of mistake, inadvertence or excusable neglect. Defendant tried to assert the service defect previously, but her protestations regarding the defect were either overlooked or ignored. Defendant did not understand the necessity of bringing the service defect to the Court's attention by way of a formal motion with affidavit and citing of relevant case law.

9. As there has not been valid service of process on Defendant, no default judgment could be properly taken. *Reichert v. TRW, Inc., Cutting Tools Div., 531 Pa. 193, 611 A. 2d 1191 (1992).*

10. The general rule applied in Pennsylvania with respect to the opening or striking of default judgments is one of utmost liberality. Entry of a default judgment is disfavored and the rules governing default judgments should be applied liberally because a default judgment prevents a plaintiff's claim from being decided on the merits. *See United States v. $55,518.05 in United States Currency, 728 F. 2d 192, 195 (3rd Cir. 1984).*

11. Petitioner has a meritorious defense to the mortgage foreclosure action. Said defense includes, but is not necessarily limited to, the fact that the Plaintiff did not have the right to foreclose at the time it filed this foreclosure on May 2, 2007 in that it was not assigned the mortgage and note until June 19, 2007. Attached hereto and made a part hereof as

Petitioner's composite **Exhibit "A"**, is proof of the filing date of this foreclosure on May 2, 2007 as well as a copy of the assignment to Plaintiff Deutsche Bank dated June 19, 2007. Further, there were numerous and well-documented violations of law in the underlying mortgage loan closing, including but not limited to, violations of the Real Estate Settlement Procedures Act (RESPA) 3500.14 (c); violation of RESPA 3500.7 (c); violation of RESPA 3500.14 (c); failure to disclose the Yield Spread Premium paid to the broker in violation of RESPA 3500.7 (c); failure to include the original Good Faith Estimate in the file in violation of RESPA 3500.7 (b); failure to sign, date and evidence delivery of the Good Faith Estimate within three days in violation of RESPA 3500.7 (b); failure to evidence and deliver correctly completed Servicing Disclosure Statement and Applicant Acknowledgement requirements in violation of RESPA 3500.21 (b); failure to provide disclosure of third party provider in violation of RESPA 3500.7 (e); violation of RESPA 3500.21 (e) (3); violation of the Truth In Lending Act (TILA) 226.19 (b); TILA 226.19 (a); failure to sign, date and evidence delivery of the Truth in Lending statement in violation of TILA 226.19 (a); and failure to complete the final Truth in Lending Statement within three days in violation of TILA 226.19 (a). All of the foregoing violations constitute both Affirmative Defenses and Counter-Claims in regard to Plaintiff's foreclosure of this mortgage. Attached hereto and made a part hereof as Petitioner's composite **Exhibit "B"** is a copy of her Answer and Affirmative Defenses to Plaintiff's Complaint for Mortgage Foreclosure. Attached hereto and made a part hereof as Petitioner's composite **Exhibit "C"** is a copy of a forensic mortgage loan audit which clearly establishes the aforementioned violations.

3

12. Based upon the foregoing service of process defect on the face of the record, the foregoing facts as set forth above and as contained in the Affidavit of Allison Straker attached hereto, and the foregoing authorities cited, it would be reversible error for the Court to fail or refuse to open or strike the defective default judgment, and any resulting foreclosure sale would be defective as well.

**WHEREFORE,** Petitioner respectfully requests this Court to stay all proceedings and to grant a rule to show cause why the default judgment entered against Petitioner should not be opened or stricken, and that the Court grant such other and further relief as the Court deems equitable, appropriate and just.

### VERIFICATION

Petitioner ALLISON STRAKER hereby verifies under penalty of perjury that the facts and allegations contained in the foregoing Petition to Open or Strike Default Judgment are true and correct. Dated this 23rd day of February, 2009.

_____
Allison Straker, Affiant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Petition to Open or Strike Default Judgment has been furnished by hand delivery to Gary E. McCafferty, Attorney for Plaintiff, Suite 5000-Mellon Independence Center, 701 Market Street, Philadelphia, Pa 19106 this 23rd day of February, 2009.

_____
Allison Straker, Petitioner Pro Se
506 Skyline Drive
Blakeslee, PA 18610

Allison Straker
Defendant, Pro Se
506 Skyline Drive
Blakeslee, PA 18610

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST | : | IN THE COURT OF COMMON PLEAS |
| COMPANY, AS TRUSTEE, | : | OF MONROE COUNTY |
| | : | |
| Plaintiff, | : | CIVIL ACTION-LAW |
| vs. | : | |
| | : | ACTION OF MORTGAGE |
| ALLISON STRAKER, | : | FORECLOSURE |
| | : | |
| Defendant. | : | No. 3232-CV-07 |

## AFFIDAVIT OF ALLISON STRAKER IN SUPPORT OF PETITION TO OPEN OR STRIKE DEFAULT JUDGMENT

COMMONWEALTH OF PENNSYLVANIA )
: ss
COUNTY OF MONROE )

BEFORE ME the undersigned authority, duly authorized to administer oaths, personally appeared before Allison Straker, to me well known, or who identified herself by the following identification: Pennsylvania Driver's License #29 373 017, and who after being duly sworn, deposes and says as follows:

1. That I am a Defendant in the above entitled action.
2. That I was never personally served with the summons and complaint in this case on May 17, 2007 or at any other time.

5

3. That the person named as the individual served, Ann Modeste, was not an adult member of my family, did not reside with me, and was not and is not an adult person in charge of my residence located at 506 Skyline Drive, Blakeslee, PA 18610.

4. Ann Modeste was only a friend or acquaintance. She was not, is not and was never authorized to accept service of process on my behalf.

5. This Affidavit is made in support of my Petition to Open and/or to Strike Default Judgment in regard to the Default Judgment rendered in this cause and for the purposes expressed herein.

FURTHER AFFIANT SAYETH NAUGHT.

SWORN TO AND SUBSCRIBED BEFORE ME this 23rd day of February, 2009.

_____
Notary Public
Commonwealth of Pennsylvania

My Commission Expires:

_____
Allison Straker, Affiant
506 Skyline Drive
Blakeslee, PA 18610

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ILONA G. KIERNAN, NOTARY PUBLIC
STROUDSBURG BORO., MONROE COUNTY
MY COMMISSION EXPIRES OCT. 17, 2011

6

## COMPLAINT IN MORTGAGE FORECLOSURE

1. Plaintiff is DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, whose address is ~~Road, Plainsboro, NJ 08536~~ [ATTORNEY COPY stamp] I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED

2. The name and address of the Defendant is ALLISON STRAKER, 1000 Grand Concourse 7H, Bronx, NY 10451, who is the mortgagor and real owner of the mortgaged premises hereinafter described.

3. On June 02, 2006 mortgagors made, executed and delivered a mortgage upon the Property hereinafter described to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS A NOMINEE FOR FREMONT INVESTMENT AND LOAN, which mortgage is recorded in the Office of the Recorder of Deeds of Monroe County as Book 2270, Page 1596. The mortgage has been assigned to: DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE by assignment of Mortgage. Plaintiff is the real party in interest pursuant to a purchase or transfer of the mortgage obligation from the last record holder and an Assignment of Mortgage to Plaintiff has been and/or will be lodged for recording with the Recorder of Deeds in the ordinary course of business. The Mortgage and assignment(s) are matters of public record and are incorporated by this reference in accordance with Pennsylvania Rule of Civil Procedure 1019(g), which Rule relieves the Plaintiff from its obligation to attach documents to pleadings if those documents are matters of public record.

4. The Property subject to the Mortgage is more fully described in the legal description set forth as Exhibit "A" ("Property").

5. The mortgage is in default because the monthly payments of principal and interest are due and unpaid for December 01, 2006 and each month thereafter and by the terms the Mortgage, upon default in such payments for a period of one month or more, the entire principal balance and all interest due and other charges are due and collectible.

6. The following amounts are due to Plaintiff on the Mortgage:

   Principal Balance ..................................................................................... $143,904.41
   Interest from 11/01/2006 through 04/30/2007 at 10.0500% ................. $7,171.21
     Per Diem interest rate at $39.62
   Reasonable Attorney's Fee at 5% of Principal Balance
     as more fully explained in the next numbered paragraph ................. $7,195.22
   Late Charges from 12/01/2006 to 04/30/2007 ........................................ $381.15
     Monthly late charge amount at $76.23
   Costs of suit and Title Search ...................................................................... $900.00
   Fees ............................................................................................................ $51.00
   NSF Charges ................................................................................................ $75.00
   Recoverable Balance ................................................................................. $122.30
                                                                                                            $159,800.29

7. If the Mortgage is reinstated prior to a Sheriff's Sale, the Attorney's Fees set forth above may be less than the amount demanded based on work actually performed. The Attorney's Fees requested are in conformity with the Mortgage and Pennsylvania law. Plaintiff is entitled to collect Attorney's fees of up to 5% of the remaining principal balance in the event the Property is sold to a third party purchaser at Sheriff's Sale or if the complexity of the action requires additional fees in excess of the amount demanded in the Action.

8. Plaintiff is not seeking a judgment of personal liability (or an "in personam" judgment) against the Defendant in this Action but reserves its right to bring a separate Action to establish that right, if such right exists. If Defendant has received a discharge of their personal liability in a Bankruptcy proceeding,

this Action of Mortgage Foreclosure is, in no way, an attempt to re-establish the personal liability that was discharged in Bankruptcy, but only to foreclose the Mortgage and sell the Property pursuant to Pennsylvania law.

9. Notice of Intention to Foreclose and a Notice of Homeowners' Emergency Mortgage Assistance has been sent to Defendant by certified and regular mail, as required by Act 160 of 1998 of the Commonwealth of Pennsylvania, on the date(s) set forth in the true and correct copy of such notice(s) attached hereto as Exhibit "B". The Defendant have not had the required face-to-face meeting within the required time and Plaintiff has no knowledge of any such meeting being requested by the Defendant through the Plaintiff, the Pennsylvania Housing Finance Agency, or any appropriate Consumer Credit Counseling Agency.

WHEREFORE, Plaintiff demands a de terris judgment in mortgage foreclosure in the sum of $159,800.29, together with interest at the rate of $39.62, per day and other expenses, costs and charges incurred by the Plaintiff which are properly chargeable in accordance with the terms of the Mortgage and Pennsylvania law until the Mortgage is paid in full, and for the foreclosure of the Mortgage and Sheriff's Sale of the Property.

By: _____
GOLDBECK McCAFFERTY & McKEEVER
BY: JOSEPH A. GOLDBECK, JR., ESQUIRE
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I, Joseph A. Goldbeck Jr., as the representative of the Plaintiff corporation within named do hereby verify that I am authorized to and do make this verification on behalf of the Plaintiff corporation and the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Date: 05/01/07

*Joseph A. Goldbeck* (signature)

Prepared By and Return To: Laura Bryans
GOLDBECK McCAFFERTY & McKEEVER
Mellon Independence Center - Suite 5000
701 Market Street
Philadelphia, PA 19106-1532
215-627-1322

GMM File Number: MS-1962

Parcel ID#: 20/8E/1/50

## ASSIGNMENT OF MORTGAGE

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS A NOMINEE FOR FREMONT INVESTMENT AND LOAN** (Assignor), for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt of which is acknowledged, does grant, bargain, sell, assign and transfer to **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE**
(Assignee),
all of its right, title and interest, as holder of, in, and to the following described mortgage, the property described and the indebtedness secured by the mortgage:

Executed **ALLISON STRAKER**, Mortgagor(s); to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS A NOMINEE FOR FREMONT INVESTMENT AND LOAN.** Bearing date of: **June 02, 2006**; Amount Secured: **$144,160.00**; Recorded on **June 06, 2006**; in **Book 2270, Page 1596**; in the Recorder of Deeds Office of **Monroe County**, Commonwealth of Pennsylvania ("Mortgage")

Property: **506 Skyline Drive, Blakeslee, PA 18610**

AS FURTHER DESCRIBED IN EXHIBIT "A", ATTACHED AND INCORPORATED INTO THIS ASSIGNMENT.

Together with the note or obligation described in the Mortgage endorsed to the Assignee, ("Note") and all moneys due and to become due on the Note and Mortgage, with interest. Assignee its successors, legal representatives and assigns shall hold all rights under the Note and Mortgage forever, subject however, to the right and equity of redemption, if any, of the maker(s) of the Mortgage, their heirs and assigns forever.

Assignor, by its appropriate corporate officers, has executed and sealed with its corporate seal this Assignment of Mortgage on this 19 day of June, 2007.

REC Book 2309 Page 6201

ALL THAT CERTAIN lot, parcel or piece of land situate in the Township of Tunkhannock, County of Monroe, and Commonwealth of Pennsylvania, being Lot No. 506, Section N1, Stonecrest Park, as shown on a plan of lots recorded in the Office of the Recorder of Deeds, in and for the County of Monroe, in Plot Book Volume/Page 9/209.

BEING THE SAME PREMISES which Henry K. Plonski and Jadwiga Plonski by Deed dated 6/2/06 and recorded 6/6/06 in the Office of the Recorder in and for Monroe County in Deed Book 2270 at Page 1592, granted and conveyed unto Allison Straker.

TAX CODE #20/8E/1/50

TAX PIN # 20-6321-01-36-3873

PROPERTY ADDRESS: 506 SKYLINE DRIVE, BLAKESLEE, PA 18610



## COUNTY OF MONROE

**RECORDER OF DEEDS**
7th & MONROE STREETS
STROUDSBURG, PA 18360
Area Code (570) 517-3969

Helen Diecidue - Recorder
Mary Ann Lesh - Chief Deputy
Jamie Butz - Deputy

Instrument Number - 200725175
Recorded On 7/2/2007 At 11:09:05 AM

Book - 2309   Starting Page - 6201
* Total Pages - 4

* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 481573
* Grantor - STRAKER, ALLISON
* Grantee - DEUTSCHE BANK NATIONAL TRUST COMPANY
User - EFS
* Customer - GOLDBECK MCCAFFERTY & MCKEEVER

* **FEES**

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $10.00 |
| RECORDING FEES | $13.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TOTAL PAID | $28.50 |

**RETURN DOCUMENT TO:**
GOLDBECK MCCAFFERTY & MCKEEVER
701 MARKET STREET
SUITE 5000 MELLON INDEPENDENCE CENTER
PHILADELPHIA, PA 19106-1532

TAX ID #
20/8E/1/50
Total Tax IDs: 1



I Hereby CERTIFY that this document is recorded in the Recorder's Office of Monroe County, Pennsylvania

Helen Diecidue

---
**THIS IS A CERTIFICATION PAGE**

## Do Not Detach

**THIS PAGE IS NOW THE LAST PAGE
OF THIS LEGAL DOCUMENT**

---

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

01EABE

Book: 2309  Page: 6204