# EXHIBIT B

Allison Straker
Defendant, Pro Se
506 Skyline Drive
Blakeslee, PA 18610

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, | IN THE COURT OF COMMON PLEAS OF MONROE COUNTY |
| Plaintiff, | CIVIL ACTION-LAW |
| vs. | ACTION OF MORTGAGE FORECLOSURE |
| ALLISON STRAKER, | |
| Defendant. | No. 3232-CV-07 |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT IN MORTGAGE FORECLOSURE

Defendant, ALLISON STRAKER, pro se, Answers Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted and denied in part.

3. Defendant admits as much of paragraph 3 as alleges that a mortgage was executed but denies the balance of said paragraph. Defendant would affirmatively state that the mortgage had not been assigned to Plaintiff Deutsche Bank National Trust Company as Trustee at the time the foreclosure action was filed and that said Plaintiff had no standing to file said action at the time of filing.

4. Admitted.

5. Denied and defendant demands strict proof thereof.

6. Denied, and defendant demands a strict accounting for all alleged amounts owed.

7. Defendant is without knowledge and therefore denies paragraph 7.

8. Admitted.

9. Denied.

10. Defendant denies each and every allegation not specifically admitted herein and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

Further Answering, Defendant pleads the following affirmative defenses:

11. As her first affirmative defense, Defendant pleads failure of Plaintiff to comply with all conditions precedent prior to the filing of this foreclosure.

12. As her second affirmative defense, Defendant pleads failure of Plaintiff to comply with paragraph 22 of the subject mortgage. Said paragraph 22 provides, in pertinent part, that the Lender shall give 30 days notice to Borrower prior to acceleration. Said 30 days notice was never given. Further, said paragraph provides that the notice shall specify (a) the default (b) the action required to cure the default (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. Neither Plaintiff nor Plaintiff's attorneys ever provided said notice to Defendant in violation of paragraph 22 of the mortgage, and all of the terms and conditions as set forth in Defendant's affirmative defense set forth above in this paragraph, are conditions precedent which must be met by Plaintiff prior to the filing of this foreclosure.

13. As her third affirmative defense, Defendant pleads the failure of Plaintiff to comply with the rules and regulations of the Department of Housing and Urban Development (HUD) in regard to this mortgage. The rules and regulations of HUD require that prior to acceleration of and foreclosure of the subject note and mortgage, that the mortgagee, Plaintiff herein, is required to notify the mortgagor, Defendant herein, of the mortgagor's right to cure any

      alleged default and to seek a modification and/or forbearance agreement, including adding the alleged arrearages to the back of the mortgage and to otherwise assist Defendant in retaining the property. Plaintiff never provided said notice prior to acceleration of the note and foreclosure of the note and mortgage in violation of HUD rules and regulations.

14. As her fourth affirmative defense, Defendant pleads that upon information and belief that the mortgage note has been paid in whole or in part by one or more undisclosed third parties who, prior to or contemporaneously with the closing of the loan paid the originating lender in exchange for certain unrecorded rights to the revenues arising out of the loan transaction.

15. As her fifth affirmative defense, Defendant pleads the defense of violation of the truth-in-lending act by failing to disclose the true owner and holder of the note and mortgage and the real party in interest at the time of the closing of the loan, which failure to disclose violates the provisions of the truth-in-lending act.

16. As her sixth affirmative defense, Defendant pleads lack of standing and lack of jurisdiction over this Plaintiff and that upon information and belief this Plaintiff has no financial interest in the note or mortgage. Plaintiff lacks standing to sue Defendant as it was not a party to the mortgage contract attached to the complaint.

17. As her seventh affirmative defense, Defendant pleads that there is no document attached to the Complaint that evidences the Plaintiff's relationship to the original lender. The inability to attach the documentation evidencing the Plaintiff's right to bring this action violates and is not in compliance with Pennsylvania Rule of Civil Procedure 1019(g), evidencing any assignment of the right to Plaintiff to enforce the note, foreclose this mortgage or file this action.

18. As her eighth affirmative defense, Defendant pleads that the original note was destroyed or was transferred to a structured investment vehicle which may be located offshore, which also has no interest in the note or mortgage or revenue thereunder.

19. As her ninth affirmative defense, Defendant pleads that upon information and belief the revenue stream deriving from the note and mortgage was eviscerated upon one or more assignments of the note and mortgage to third parties and parsing of obligations as part of the securitization process, some of whom were joined as co-obligors and co-obligors in connection with the closing.

20. As her tenth affirmative defense, Defendant pleads that to the extent that Plaintiff has been paid on the underlying obligation or has no legal interest therein or in the note or mortgage, or does not have lawful possession of the note and mortgage, Plaintiff's allegations of possession and capacity to institute foreclosure constitutes a fraud upon the court.

21. As her eleventh affirmative defense, Defendant pleads fraud and sham on the part of Plaintiff in that Plaintiff's allegation in paragraph 3 of its Complaint that Plaintiff is the real party in interest pursuant to a purchase or transfer of the mortgage obligation from the last record holder and an Assignment of Mortgage to Plaintiff has been and/or will be lodged for recording, and is alleging the legal and/or equitable owner and holder of the Mortgage, the Note was never mentioned in the Complaint documents is fraudulent and false and that Plaintiff right to enforce the note and mortgage has never been established either on the record, through the loan documents or otherwise.

22. As her twelfth affirmative defense, Defendant pleads failure to join indispensable parties, specifically the loan originator and the loan servicer(s) and the complaint fails to adequately show the chain of title demonstrating that Plaintiff is in fact the real party in interest with standing to bring this action.

23. As her thirteenth affirmative defense, Defendant pleads unclean hands. Upon information and belief, Plaintiff and or its predecessor(s) in interest had unclean hands in their course of dealing with Defendant.

24. As her fourteenth affirmative defense, Defendant pleads violation of the truth in lending act (TILA), 15 USC. Section 1601 et seq. by failing to deliver to Defendant two copies of the notice of the right to rescind with all of the pertinent statutory disclosures, failing to

properly and accurately disclose the amount financed by failing to clearly and accurately disclose the finance charge, by failing to clearly and accurately disclose the "total of payments", by failing to clearly and accurately disclose the annual percentage rate by failing to clearly and accurately disclose the number, amounts and timing of payments scheduled to repay the obligation, and by failing to clearly and accurately itemize the amount financed. The transaction was subject to TILA and rescission rights since it was a consumer credit transaction involving a lien or security interest placed on the Defendant's principal dwelling and was not a residential mortgage transaction as defined in 15 USC 1602 (w) because the mortgage was not created to finance the acquisition of the dwelling. As a result, Defendant is entitled to rescind the transaction and elects to do so.

25. As her fifteenth affirmative defense Defendant pleads violation of the Real Estate Settlement and Procedures Act (RESPA). Upon information and belief Plaintiff and or its predecessor(s) violated various provisions of the Real Estate Settlement and Procedures Act ("RESPA"), 12 USC section 2601, et seq, by: a) Failing to provide the Housing and Urban Development (HUD) special information booklet, a Mortgage Servicing Disclosure Statement, and Good Faith Estimate of settlement closing costs to Defendant at the time of the loan application or within three (3) days thereafter; (b) Failing to provide Defendant with an Escrow Disclosure Statement for each year of the mortgage since its inception; (c) Giving or accepting fees, kickbacks and or other things of value in exchange for referrals of settlement service business and splitting fees and receiving unearned fees for services not actually performed; and for (d) Charging a fee at the time of the loan closing for the preparation of a truth-in-lending uniform settlement and escrow account statements.

26. As her sixteenth affirmative defense Defendant pleads violations of the Home Owners Equity Protection Act ("HOEPA"), 15 USC section 1639 et seq. by failing to make proper disclosures and committing intentional predatory lending by including prohibited terms. These violations provide an extended three year right to rescission and enhanced monetary damages for Defendant.

27. As her seventeenth affirmative defense Defendant pleads unconscionability. In light of all of the foregoing defenses, and on the face of the purported loan documents, the terms and circumstances of the Note and Mortgage were unconscionable when made and were unconscionably exercised, making it unconscionable to enforce the mortgage by foreclosure.

28. Based upon one or more of the affirmative defenses set forth above, Defendant Allison Straker is entitled to a release and satisfaction of the note and mortgage and dismissal of the foreclosure claim with prejudice.

**WHEREFORE,** having fully answered and affirmatively defended Plaintiff's Complaint, Defendant respectfully prays that this Honorable Court deny and dismiss same with all costs and fees assessed against Plaintiff and that the Court grant such other and further relief as the Court deems equitable, appropriate and just.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses has been furnished to Gary E. McCafferty, attorney for Plaintiff at suite 5000—Mellon Independence Center 701 Market Street, Philadelphia, PA 19106-1532 this 23rd day of February, 2009.

_Allison Straker_

Allison Straker, Defendant Pro Se
506 Skyline Drive
Blakeslee, PA 18610