IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLISON STRAKER, | : | |
|     Plaintiffs | : | |
|   v. | : | 3:CV-09-0338 |
| | : | (JUDGE VANASKIE) |
| DEUTSCHE BANK NATIONAL TRUST, | : | |
| as trustee; PENN AMERICAN | : | |
| MORTGAGE; MORTGAGE | : | |
| ELECTRONIC REGISTRATION SYSTEMS, | : | |
| INC.; FREEMONT INVESTMENT & LOAN; | : | |
| HOMEQ SERVICING; JOHN DOES 1-1000 | : | |
|     Defendants | : | |

## MEMORANDUM

In 2006, Plaintiff, Ms. Allison Straker, took out two sub-prime loans from Mortgage Electronic Registration Systems, Inc. acting solely as nominee for Freemont Loan & Investment. Plaintiff alleges that a plethora of her rights were violated in connection with these transactions. Consequently, she filed this action, proceeding pro se, on February 23, 2009, alleging ten causes of action against Defendants Deutsche Bank National Trust as Trustee ("Deutsche"), Penn American Mortgage ("Penn"), Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic"), Freemont Investing & Loan ("Freemont"), Homeq Servicing ("Homeq") and John Does 1-1000. (Comp., Dkt. 1.)[1]

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink

Defendants have moved to dismiss the action. Because a number of Plaintiff's claims are barred by the Rooker-Feldman Doctrine, and the remaining claims have not been properly pled, this Court will grant Defendants' Motion to Dismiss, but afford Plaintiff the opportunity to file an amended complaint if she can do so in good faith.

I. BACKGROUND

On February 23, 2009, Plaintiff initiated the current action alleging violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (Comp., Dkt. 1.) Additionally, Plaintiff alleged claims of fraudulent misrepresentation, unjust enrichment, civil conspiracy, civil RICO, quiet title, and usury against Defendants Deutsche Bank, Penn American, Freemont, Homeq, and John Does 1-1000. (Id.)

Plaintiff's Complaint includes 118 paragraphs of allegations. (Id.) A significant portion of the body of Plaintiff's Complaint can be found in Nature of the Action by Neil Garfield.[2] Accordingly, there are only a handful of statements included in Plaintiff's Complaint that are

---

ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] A re-posting of Nature of the Action by Neil Garfield can be accessed online at: http://mariokenny.wordpress.com/category/nature-of-the-action-by-neil-garfield/. (Nature of the Action, http://mariokenny.wordpress.com/category/nature-of-the-action-by-neil-garfield/ (last visited Feb. 2, 2010).)

personal to her claim and not pulled directly from the above-posted source.

Unique to Plaintiff's Complaint include the Preliminary Statement, her jurisdictional statement, and her identification of the parties. Other than those statements, less than a dozen paragraphs in the Complaint are original. Accordingly, based on the information in the Complaint the Court has discerned that, "[o]n or about June 2, 2006, Plaintiff entered into a consumer credit transaction with Defendant Freemont Investment & Loan, in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant Freemont Investment & Loan." (Comp., Dkt. 1, at ¶ 14.) As to her transactions, Plaintiff alleges:

> Prior to June 2, 2006, and in the application process for the involved consumer credit, Plaintiff had been told by the loan originator that the transaction was between Plaintiff and Freemont Investment & Loan.
> Plaintiff alleges that Defendants and each of them neither explained the workings of all of the adjustable interest rate(s), how it is computed nor its inherent volatility. Furthermore, no written figures were provided to Plaintiff showing the final payment of the loan at the ending interest rate, which "lender" knew Plaintiff would not qualify for. Furthermore, Plaintiff was not given the documents three (3) days prior to closing as is required by law.
> Subsequent to the settlement, Plaintiff received written notice from [sic] that she was to pay her periodic payments to HomEq Servicing. Plaintiff was not notified of any change of ownership, lender, investors, Trustee or Beneficiary.

(Id. at ¶¶ 18-20.)

The remainder of Plaintiff's Complaint includes numerous allegations repeated verbatim from Nature of the Action, including the allegation that Defendants' conduct has left Plaintiff, "in the position of being in an adversary proceeding with ghosts." (Id. at ¶ 34; Nature of the Action,

pg. 5, at ¶ 22.)[3]

Plaintiff's claim for relief requests:

[E]ntry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial, and for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and

---

[3] While Plaintiff's Complaint does not provide the Court or Defendants with adequate notice of the facts supporting her claim, Plaintiff's brief in opposition to the motion to dismiss is helpful in assisting the Court in better understanding the nature of her claim. Plaintiff's brief states:

> On June 2, 2006, Plaintiff was sold two subprime loans, from Mortgage Electronic Registration Systems, Inc. acting solely as Nominee to Freemont Loan & Investment; the first in the amount of $144,160.00 that adjusts every 6 months that is amortized over 30 years with a prepayment penalty equal to six months of interest is due if the loan balance is reduced by more than 20% in the first two years, and the second in the amount of $36,040.00.

(Opp. Br., Dkt. 21, at 1.) Plaintiff additionally alleges that:

> The first mortgage was assigned to Defendant, Deutsche Bank National Trust Company as Trustee. Deutsche Bank National Trust Company filed a foreclosure action on May 2, 2007. A judgment by default was entered on June 18, 2007 against Plaintiff. Deutsche Bank National Trust Company was not assigned the mortgage until June 19, 2007 after the judgment by default.

(Id. at 2.) Plaintiff avers that there is no record of assignment of the mortgage to Deutsche Bank in the Monroe County Recorder of Deeds. (Id.)

In addition to this information, Plaintiff's Exhibits supporting her Brief in Opposition to Defendants' Motion to Dismiss seem to allege forgery of her signature on numerous documents. (Exhibit E, Dkt. 23-5.) Facts to support such a claim, however, are missing from her Complaint.

4

> that further proceedings in connection with foreclosure be enjoined; and for any other and further relief which is just and proper.

(Comp., Dkt. 1, at 24.)

In addition to her Complaint, Plaintiff also filed a Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Dkt. 2), and an Expedited Motion for an <u>Ex</u> <u>Parte</u> Temporary Restraining Order (Dkt. 3). A Temporary Restraining Order Hearing was held on February 24, 2009. While granting Plaintiff's Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>, the Court denied Plaintiff's Motion for a Temporary Restraining Order. (Dkt. 8.) The Court directed the United States Marshal to serve the summons and a copy of the Complaint on Defendants. (<u>Id.</u>) On May 15, 2009, Defendants filed a Motion to Dismiss. (Dkt. 17.) The motion has been fully briefed and is ripe for review.

II. DISCUSSION

Defendants' rely on two theories in support of their Motion to Dismiss. First, Defendants aver that Plaintiff's claims are barred by the <u>Rooker-Feldman</u> Doctrine. Second, Defendants assert that Plaintiff fails to state a cause of action for which relief may be granted.

    A. Subject Matter Jurisdiction

Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(1) on the basis of lack of subject-matter jurisdiction. A Rule 12(b)(1) motion "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. <u>Warner v. McVey</u>, No. 08-55, 2009 WL 703416, at *2 (W.D. Pa. Mar. 16, 2009) (citing <u>Gould Elecs. Inc.</u>

v. United States, 220 F.3d 169, 176 (3d Cir. 2000)). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true. In contrast, a trial court considering a factual attack accords plaintiff's allegations no presumption of truth." Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).

With respect to a factual challenge, a court "is not limited to considering only the allegations on the face of the complaint. . . ." Walters v. United States, No. 4:CV-07-0990, 2008 WL 191476, at *1 (M.D. Pa. Jan. 22, 2008) (citing Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000)). As noted by the Third Circuit Court of Appeals, review is "not confined to the allegations in the complaint and [courts] can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). Additionally, "no presumptive truthfulness attaches" to the allegations in the Complaint and disputed material facts do not prevent the court from evaluating the merits of the lack of jurisdiction claims. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Simply put, the Court is "free to weigh the evidence and satisfy itself whether it has the power to hear the case." Carpet Group, 227 F.3d at 69.

Defendants argue that Plaintiff's pleadings revolve around a "mortgage transaction which has already been foreclosed and judgment entered in a state court, and which issues have already been adjudicated adversely to Plaintiff." (Mt. Dis, Dkt. 17, at 8.) Defendants contend that in order for this Court to adjudicate Plaintiff's claims there would have to be a

determination that the state court's decisions in this matter were incorrect, a result proscribed by the Rooker-Feldman Doctrine. (Id.) In opposition to Defendants' Rooker-Feldman claim, Plaintiff argues:

> A default judgment was entered against Plaintiff. Plaintiff was not served in order to timely respond to the Complaint. Plaintiff is aware of the judgment in state court and is not seeking to invoke the Court's jurisdiction in adjudicating the foreclosure judgment and the Court has the judicial right to proceed with the Federal violations. The Court does not prevent litigants from seeking a federal remedy for alleged violations of their constitutional rights where 'the violator(s) so far succeeded in corrupting the state judicial process as to obtain a favorable judgment.' Nesses v. Shepard, 68 F.3d 1003, 1005 (7th Cir. 1995).

(Opp. Br., Dkt. 21, at 5.) Although information on the default judgment is not included in Plaintiff's Complaint, it is appropriate for this Court to review such information in determining subject matter jurisdiction. See Carpet Group, 227 F.3d at 69.

"The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication." Ayres-Fountain v. E. Sav. Bank, 153 F. App'x 91, 92 (3d Cir. 2005). "'A federal claim is inextricably intertwined with an issue adjudicated by a state court when . . . the federal court must take an action that would negate the state court's judgment . . . . Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.'" Ayers-Fountain, 153 F. App'x at 92 (quoting In re Knapper, 407 F.3d 573, 571 (3d Cir. 2005)). In the context of a federal court action seeking rescission of the underlying obligation and a parallel but concluded state court mortgage foreclosure proceeding, our Court of Appeals has recognized that "granting rescission would

7

amount to finding that no valid mortgage existed, which would negate the foreclosure judgment, as a 'mortgage foreclosure action depends upon the existence of a valid mortgage.'" In re Madera, 586 F.3d 228, 232 (3d Cir. 2009).

"In Pennsylvania, actions in mortgage foreclosure are dependant on the existence of a valid mortgage. Without a valid mortgage, there is simply nothing to foreclose upon." In re Calabria, 418 B.R. 862, 866-67 (W.D. Pa. 2009) (citation omitted). As a result of this requirement, "any finding by this Court that the mortgage instrument at issue is defective would be tantamount to this Court concluding that the State Court judgment[] [was] 'erroneously entered.'" See Id. at 867.

Plaintiff's citation to Nesses v. Shepard, 68 F.3d 1003, 1005 (7th Cir. 1995), is unpersuasive. In Nesses, the plaintiff alleged that the state court judges who heard his claim had entered into a conspiracy with the defendants to find against him and violate his rights. Id. at 1004. There are no such allegations here and no allegation that there were any errors in the state court's adjudication of the foreclosure.

Here, judgment was entered in favor of Defendants based on Plaintiff's default of the terms of the mortgage.[4] In her Complaint, Plaintiff seeks rescission of the mortgage and

---

[4] Defendants' brief in support of their Motion to Dismiss states that

Plaintiff defaulted in the monthly mortgage payments on the first mortgage beginning in December 2006, and on May 2, 2007, the mortgagee instituted an action in mortgage foreclosure in the Court of Common Pleas of Monroe County

8

damages.  Count I of Plaintiff's Claim, entitled "Violations of Home Ownership Equity Protection Act" seeks "rescission of the mortgage loan transactions." (Complaint, Dkt. 1, at ¶ 75(a).)  In Count III, entitled "Violations of Federal Truth-in-Lending Act," Plaintiff seeks to "rescind the transaction." (Id. at ¶ 82.)  Count IX of the Complaint, entitled "Quiet Title," seeks a "declaration that the title to the subject property is vested in Plaintiff alone . . . ." (Id. at ¶ 111.)  Count X, entitled "Usury," seeks a permanent injunction against Defendants, preventing them, in part, from taking any action with regard to the alleged debt.  (Id. at ¶ 118.)  Accordingly, as the judicial actions requested in Counts I, III, IX, and X would require a judgment from this Court that would effectively invalidate the state court judgment, those counts will be dismissed as barred by the Rooker-Feldman Doctrine.

B. Rule 12(b)(6)

Plaintiff's remaining claims, Counts II and IV through VIII, request different forms of damages, relief which if granted would not invalidate the state court judgment.  Specifically, in Count II, entitled "Violations of Real Estate Settlement Procedures Act", Plaintiff requests damages in the amount of "three (3) times the amount of charges paid by Plaintiff for 'settlement services' pursuant to 12 U.S.C. sec. 2607(d)(2)." (Dkt. 1, at ¶ 79.)  In Count IV,

---

. . . . On June 17, 2007, judgment in mortgage foreclosure in the amount of $161,775.27 was entered, which judgment was subsequently amended on December 8, 2008 to $202,318.68.

(Supp. Br., Dkt. 17, at 5.) Plaintiff does not deny this statement.  (Opp. Br., Dkt. 21, at 5.)

9

entitled "Violation of Fair Credit Reporting Act", she alleges that Defendants wrongfully reported negative information to the Credit Reporting Agencies and requests actual, compensatory, and punitive damages as a result. (Id. at ¶¶ 86-89.) In Count V, entitled "Fraudulent Misrepresentation", Plaintiff alleges that Defendants fraudulently induced her to enter into the mortgage transaction and she requests actual compensatory damages and "exemplary punitive damages to serve as a deterrent not only as to future conduct of the named Defendants herein, but also to other persons or entities with similar inclinations." (Id. at ¶ 93.) In Count VI, entitled "Unjust Enrichment", Plaintiff alleges that the Broker "up sold" her into an adjustable rate predatory mortgage that was not in her best interest and she consequently seeks "restitution from the Defendants in the form of actual damages, exemplary damages, costs and attorney fees." (Id. at ¶ 97.) In Count VII, entitled "Civil Conspiracy", Plaintiff alleges that the Defendants conspired to defraud her and she demands "an award of actual, compensatory, and punitive damages." (Id. at ¶ 102.) In Count VIII, entitled "Civil RICO", Plaintiff alleges that Defendants were involved in an enterprise designed to perpetrate a fraud and that as a result she has suffered and continues to suffer damages. (Id. at ¶ 106.) Although these claims are not barred by the Rooker-Feldman Doctrine, Plaintiff has failed to plead facts that would entitle her to relief on these claims.

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be

entitled to relief." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). The court, however, need not accept as true a complaint's "bald assertions" or "legal conclusions." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pled facts, but rather tests the legal foundation of the plaintiff's claims. United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989).

To state a claim consistent with the language of Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). As such, courts may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562.

Moreover, the Court's more recent decision in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (May 18, 2009), held that the pleading requirements of Rule 8 mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock

11

the doors of discovery for a plaintiff armed with nothing more than conclusions." Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the complaint should be dismissed. Id.

Pro se pleadings, of course, are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Where, however, a complaint sets forth facts affirmatively demonstrating that the plaintiff has no right to recover, dismissal without leave to amend is appropriate. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Defendants aver that "Plaintiff's Complaint contains pages of general, vague and incomprehensible allegations, containing little if any factual averments, some of which have nothing to do with . . . the subject mortgage transaction . . . ." (Mt. Dis., Dkt. 17, at 7.) Furthermore, Defendants argue that "none of the claims raised in Plaintiff's Complaint assert even a colorable cause of action upon which relief can be granted . . . ." (Id. at 8.) In response, Plaintiff's opposition brief references attached exhibits, but offers no additional support for her

claims for relief.[5]

Plaintiff's Complaint refers to a number of persons by title only, such as "The Loan Seller", "the loan originator", "Lender", "the Mortgage Aggregator", "the Investment Banking firm", the "Trustee", and "the Servicers". (Comp., Dkt. 1.) Neither the Court nor the Defendants are in any position to identify the persons or entities to whom Plaintiff is referring and whether any of these titles are references to named Defendants. Furthermore, although she refers to each of the Defendants when she identifies the parties, Plaintiff fails to allege any claims against specific Defendants, but instead refers to the group collectively as "Defendants." Throughout the course of her Complaint Plaintiff makes no specific claim of wrongdoing by Penn, Mortgage Electronic, or Homeq. Without factual allegations as to the actions undertaken by each of the Defendants, neither this Court nor the Defendants are in any position to assume facts that could support her claims. See Philips, 515 F.3d at 232.

Accordingly Defendants' Motion to Dismiss will be granted. Plaintiff will be afforded twenty (20) days within which to file an amended complaint as to Counts II, IV, V, VI, VII, and

---

[5] In support of her claim, Plaintiff filed her Mortgage (Exhibit A; Dkt. 23), Complaint in Mortgage Foreclosure (Exhibit B; Dkt. 23-2), Assignment of Mortgage (Exhibit C; Dkt. 23-3), Order to Cease and Desist (Exhibit D; Dkt. 23-4), allegedly forged documents (Exhibit E; Dkt. 23-5), Forensic Mortgage Audit (Exhibit F; Dkt. 23-6), Loan Application and Settlement Statement (Exhibit G; Dkt. 23-7), Motion to Compel Production of Documents filed in the Court of Common Pleas of Monroe County (Exhibit H; Dkt. 23-8), a December 5, 2008 Letter from HomeEq Servicing (Exhibit I; Dkt. 23-9), and a January 16, 2009 Response to HomeEq Letter (Exhibit I; Dkt. 23-10).

13

VIII. Plaintiff is directed to file a comprehensive amended complaint that sets forth her claims in short, concise, plain statements in sequentially numbered paragraphs. The amended complaint must be a new pleading which stands by itself without reference to the documents already filed. The amended complaint must be complete in all respects. Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992). It should identify the claim asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated Plaintiff's rights. See Biercos v. Nicola, 860 F. Supp. 226, 236 (E.D. Pa. 1994) (affording pro se plaintiffs' leave to amend an amended complaint, directing them to 'file a comprehensive amended complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights."); Meekins v. Collegan, No. 3:CV05-1394, 2005 WL 2133677, at *1 (M.D. Pa. Sept. 1, 2005). If Plaintiff wishes to include other documents along with the amended complaint, the documents should be labeled as exhibits and attached to the amended complaint. Plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of this case.

III.   CONCLUSION

For the above-stated reasons, Defendants' Motion to Dismiss will be granted. Plaintiff will be afforded an opportunity to file an amended complaint, if she can do so in good faith, as to those claims which are not barred by the Rooker-Feldman Doctrine.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLISON STRAKER, :
        Plaintiffs :
  v. : 3:CV-09-0338
      : (JUDGE VANASKIE)
DEUTSCHE BANK NATIONAL TRUST, :
as trustee; PENN AMERICAN :
MORTGAGE; MORTGAGE :
ELECTRONIC REGISTRATION SYSTEMS, :
INC.; FREEMONT INVESTMENT & LOAN; :
HOMEQ SERVICING; JOHN DOES 1-1000 :
        Defendants :

## ORDER

NOW, THIS 5th DAY OF FEBRUARY, 2010, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1.    Defendants' Motion to Dismiss (Dkt. 17) is GRANTED.

2.    Within twenty (20) days of the date of this Order, Plaintiff may file an amended complaint.

3.    Failure to file an amended complaint will result in the dismissal of this action.

                              s/ Thomas I. Vanaskie
                              Thomas I. Vanaskie
                              United States District Judge