# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISON STRAKER, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-338 |
| v. | (JUDGE CAPUTO) |
| DEUTSCHE BANK NATIONAL TRUST, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the report and recommendation of Magistrate Judge Martin C. Carlson. (Doc. 43.) The report recommends that the motions to dismiss (Docs. 30, 33) be granted in part, and that the motion to strike (Doc. 35) be denied. For the reasons explained below, the report and recommendation will be adopted in part. The motions to dismiss will be granted in part, and the motion to strike will be denied.

## **I. Background**

The plaintiff, Allison Straker, alleges in her briefing that in 2006 she was sold two subprime loans from Mortgage Electronic Registration Systems, Inc. (MERS), acting as a nominee for Fremont Loan & Investment. The first mortgage was assigned to Deutsche Bank National Trust Company as trustee. Straker defaulted on her mortgage obligations. Deutsche Bank instituted a foreclosure action in state court, which resulted in a judgment by default against Straker.

Eighteen months later Straker, proceeding *pro se*, filed a complaint in federal court

1

against the defendants involved in her mortgage transactions as well as 1,000 John Doe defendants. (Doc. 1.) Her complaint was dismissed without prejudice, and the Court afforded Straker the opportunity to amend her complaint.

Straker filed an amended complaint. She brings claims against various defendants, whom she alleges were involved in her mortgage application process and violated her rights under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. She also brings claims of civil conspiracy, unjust enrichment, and fraudulent inducement, and seeks a declaratory judgment that no contract ever existed between her and any of the defendants. Defendants Deutsche Bank National Trust Company, Mortgage Electronic Registrations Systems, Inc. (MERS), and Homeq Servicing Corporation move to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Doc. 30.) In response, Straker moves to strike portions of this motion. (Doc. 35.) Defendant Fremont Investment & Loan also moves to dismiss the amended complaint under 12(b)(6) and 12(b)(1).

These motions were referred to Magistrate Judge Martin C. Carlson for a report and recommendation. Presently before the Court is Magistrate Judge Carlson's report, recommending dismissal in part of the amended complaint and denying the motion to strike. (Doc. 43.)

Straker timely objected. The Court has considered her objections. For the reasons explained below, the report and recommendation will be adopted in part and rejected in part.

## II. Discussion

**A. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

**B. Legal Standard on a Motion to Dismiss Under 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515

F.3d 224, 233 (3d Cir. 2008). Dismissal is appropriate only if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is to say "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (alteration in *Arista Records*)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 1950.

In line with the pleading standards established by the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has instructed district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This analysis proceeds as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Id.* at 210–11 (internal citations omitted).

4

Courts must construe complaints "so as to do substantial justice." Fed. R. Civ. P. 8(e). Courts liberally construe *pro se* pleadings and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

**C. Subject Matter Jurisdiction under *Rooker-Feldman***

Straker objects to the application of the *Rooker-Feldman* doctrine to this case. She argues that the state court mortgage foreclosure action only involved defendant Deutsche Bank, and that none of the other defendants received a judgment in state court.

Straker appears to be confusing the *Rooker-Feldman* doctrine with collateral estoppel or res judicata. While the doctrines of collateral estoppel and res judicata require that federal courts give state court judgments preclusive effect in certain circumstances, application of these doctrines is not jurisdictional. By contrast, the *Rooker-Feldman* doctrine divests lower federal courts of subject matter jurisdiction over cases which seek to review and reject a state court judgment.

Straker additionally objects to the application of the *Rooker-Feldman* doctrine on the grounds that it does not apply to this case. She argues that she does *not* complain of injuries caused by the state court judgment in the mortgage foreclosure action. Instead, she asserts that the claims she presents now stand independent of the state court judgment.

*Rooker-Feldman* is a "narrow doctrine" which "applies only in limited circumstances." *Lance v. Dennis*, 546 U.S. 459, 464–66 (2006). The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Such a case essentially invites lower federal courts to act in an appellate capacity over state courts, a function which is reserved by statute to the Supreme Court alone. *Great W. Mining & Mineral Co. v. Rox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010).

However, when "a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, *Rooker-Feldman* is not a bar to federal jurisdiction." *Great W. Mining & Mineral Co.*, 615 F.3d at 167 (citing *Coles v. Granville*, 448 F.3d 853, 859 (6th Cir. 2006); *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)). The *Rooker-Feldman* doctrine is "not implicated 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Id.* at 166 (citing *Exxon Mobil*, 544 U.S. at 293). So long as the federal plaintiff "presents some independent claim, *albeit one that denies a legal conclusion* that a state court has reached in a case to which he was a party . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (citing *Exxon Mobil*, 544 U.S. at 293) (emphasis added)). "A useful guidepost" in determining whether *Rooker-Feldman* applies "is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* (citing *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007); *Turner v. Crawford Square Apartments III, LP*, 449 F.3d 542, 547 (3d Cir. 2006)).

Applying this "useful guidepost" to the present case, it is clear that Straker is complaining of injuries that existed before the state-court foreclosure action. She does not

allege injury arising from the state court default judgment; indeed, her amended complaint does not even mention the state court mortgage foreclosure action. The *Rooker-Feldman* doctrine does not divest this Court of jurisdiction.

**D. Issue Preclusion and Claim Preclusion**

The magistrate judge alternatively reasons that the preclusive effect of the state court judgment would estop Straker from litigating related claims in federal court. Under the Full Faith and Credit Act, 17 U.S.C. § 1738, "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984)).

The related doctrines of collateral estoppel, or issue preclusion, and res judicata, or claim preclusion, "are often relied upon by federal courts to preclude relitigation of issues that have previously been disposed of in an earlier action." *Rider v. Pennsylvania*, 850 F.2d 982, 988 (3d Cir. 1988).

**1. Issue Preclusion**

Issue preclusion prevents a later court from relitigating questions of law or issues of fact actually decided in a previous litigation by a court of competent jurisdiction. *Id.* at 989 (internal citations omitted). In Pennsylvania, the doctrine of issue preclusion applies when each of the following four prongs are met: (1) the issue presented in a later action is identical to the one decided in a prior action; (2) the prior action resulted in a final judgment on the merits; (3) the parties against whom issue preclusion is sought are the same or are in privity; and (4) the party against whom preclusion is sought had "a full and fair opportunity to litigate

the issue in the prior action." *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998) (internal citations omitted).

The Pennsylvania Supreme Court has not decided whether collateral estoppel applies to default judgments. The Third Circuit, however, has predicted that the Pennsylvania Supreme Court would hold that it does not, because on a default judgment the case is not actually litigated. See *Fleet Consumer Discount Co. v. Graves*, 33 F.3d 242, 248 (3d Cir. 1994) ("[D]efault judgments are not given preclusive effect in Pennsylvania's courts."). In doing so, the court noted that the Pennsylvania Supreme Court "has adopted the preclusion principles of the Second Restatement of Judgments." *Id.* (citing *Schubach v. Silver*, 336 A.2d 328, 333 (Pa. 1975)). The Restatement provides that "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, [preclusion] does not apply with respect to any issue in a subsequent action." Restatement (Second) of Judgments § 27 cmt. e (1980). Lower Pennsylvania courts have adopted this view. *See McGill v. Southwark Realty Co.*, 828 A.2d 430, 434–35 (Pa. Commw. Ct. 2003) ("A default judgment is not entitled to the preclusive effect of collateral estoppel . . . ").

Because the state court judgment against Straker was by default, issue preclusion does not prevent her from relitigating the same issues in federal court.

**2. Claim Preclusion**

"Unlike collateral estoppel, a default judgment can support a claim of res judicata." *Wilson v. Reliance Ins. Co.*, 138 F. App'x 457, 459 (3d Cir. 2005) (citing *Morris v. Jones*, 329 U.S. 545, 550–51 (1947)). Res judicata, or claim preclusion, generally "precludes parties or their privies whose action has reached a final judgment on the merits, from relitigating

8

issues 'that were or could have been raised in that action.'" *Rider*, 850 F.2d at 988 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Pennsylvania law determines whether res judicata applies to the Pennsylvania state court mortgage foreclosure action and precludes Straker's claims. *See McCarter v. Mitcham*, 883 F.2d 196, 1999 (3d Cir. 1989). The Pennsylvania Supreme Court requires "a concurrence of four conditions" before claim preclusion applies. *In re Iulo*, 766 A.2d 335, 337 (Pa. 2001) (citing *Safeguard Mut. Ins. Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975)). These four conditions require that there exist "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *Id.* (citing *Safeguard Mut.*, 345 A.2d at 668).

Claim preclusion applies "not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). The defendants assert that because Straker could have brought some of her present claims as counterclaims in the previous mortgage foreclosure action, she is therefore barred from bringing them now.

Straker does not contest she that could have brought the claims in Counts I-IV in her amended complaint as counterclaims in the state court foreclosure action. Thus, these claims could be res judicata as to Deutsche Bank. But before a judgment can have preclusive affect on a future action, the judgment must be valid. *See, e.g., Hansberry v. Lee*, 311 U.S. 32, 39 (1940).

In her amended complaint, Straker alleges that she was not served with the complaint in the foreclosure action. In Pennsylvania, lack of service voids a judgment. Deutsche Bank

9

has not provided information regarding Straker's service. Viewing the facts alleged in the amended complaint in the light most favorable to Straker, the state court judgment lacks preclusive effect. Because it would be improper to decide the validity of the underlying judgment on a motion to dismiss, the amended complaint withstands the res judicata challenge at this juncture—although the affirmative defense of res judicata may still be invoked by Deutsche Bank on summary judgment.

**E. Statute of Limitations for Common Law Claims**

Straker objects to the portion of the report recommending that her claims for common law fraud, conspiracy, and unjust enrichment be dismissed as time-barred under Pennsylvania's two-year statute of limitations. *See* 42 Pa. C.S.A. § 5524(7).

"If the [statute of limitations] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)). Pennsylvania applies the discovery rule. Under this rule, the limitations period begins to run when the plaintiff learns of the injury and its cause. *Wilson v. El-Daief*, 964 A.2d 354, 359 (Pa. 2009).

Here, the date of discovery is not evident from the face of the amended complaint; Straker alleges that she did not know of her injuries until 2008. Whether she reasonably *should have known* of her injuries and their cause before then involves issues of fact inappropriate to dispose of on a motion to dismiss. Thus, these claims will not be dismissed on limitations grounds.

**F. Plaintiff's Civil RICO Claim Should be Dismissed**

The magistrate judge recommends dismissing Straker's civil RICO claim without leave to amend because she fails to allege sufficient facts to support her claims and lacks the requisite level of precision required in civil claims based on underlying fraud under Federal Rule of Civil Procedure 9(b). Straker responds by describing the ignominy that she feels the defendants are subject to because of their business practices. This objection does not constitute a legal objection to the magistrate judge's findings and does not require the court to review that portion of his recommendations *de novo.* The report correctly concludes that the plaintiff has failed to state a claim under 18 U.S.C. § 1964. The civil RICO claim at Count VI of the amended complaint will be dismissed, and leave to amend will be denied as futile.

**G. Real Estate Settlement Procedures Act**

The plaintiff alleges violations under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq. Each violation will be addressed separately.

**1. Section 2605(a)**

Straker alleges that she was not notified that her "loan could subsequently be transferred" or that it was transferred. The magistrate judge correctly notes that the RESPA's notice requirements under § 2605 are only triggered if the *servicing* of the loan is transferred. Straker does not allege that the servicing of her loan was transferred, and thus the amended complaint fails to state a claim under § 2605(a) and § 2605(b).

**2. Section 2605(e)**

Under § 2605(e), "any servicer of a federally related mortgage loan" must respond to a borrower's "qualified written request" for information relating to the loan's servicing. Straker

11

alleges that Deutsche Bank and Homeq each violated this section.

Straker alleges that Deutsche Bank's response to a qualified written request violated § 2605(e) because it was unsigned. There is no requirement under the RESPA to sign responses to these requests, however, and thus the amended complaint fails to state a claim under § 2605(e) with respect to Deutsche Bank.

In her amended complaint, Straker alleges that Homeq failed to respond to plaintiff's qualified written request in the manner required by the statute. Straker alleges that Homeq "failed to respond to Plaintiff's Qualified Written Request of Feb 2008 as required under 12 U.S.C.[ ] § 2605(e)." The magistrate judge recommends dismissing this claim on the grounds that the plaintiff has failed to specifically allege that her request met the definition of "qualified written request" at § 2605(e)(1)(B). Under this section, the term qualified written request is defined as "written correspondence . . . that includes . . . the name and account of the borrower and includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the service regarding other information sought by the borrower."

The magistrate judge would hold Straker to a pleading standard higher than that required by Rule 8(a). The term "qualified written request" is a term of art that has little meaning outside its statutory definition. The plaintiff capitalizes the term ("Qualified Written Request") and refers to the appropriate statutory provision in her amended complaint. She obviously is alleging that she submitted a qualified written request—*as that term is defined in the statute*—and her allegation puts the defendants on notice of her claim. Rule 8(a), which counsels that a complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief," requires nothing more. *See Ashcroft v. Iqbal*, 129 S. Ct.

12

1937, 1950 (2009) (opining that the federal pleading standard "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era").

The three district court cases cited by the magistrate judge do not dictate a contrary result. In each of them, the plaintiff failed to allege that he sent a qualified written request at all. *See Jones v. ABN AMRO Mortg. Grp., Inc.*, 551 F. Supp. 2d 400, 411 (E.D. Pa. 2008) Straker's allegation that she sent a qualified written request meets federal pleading standards.

Moreover, the defendants have attached to their motion a copy of a letter plaintiff sent and denominated as a "qualified written request." Straker does not dispute that this is the correspondence referred to in her amended complaint; she admits that she sent the same request to Homeq. Because the documents are attached to a motion to dismiss, are referenced in the amended complaint, and their authenticity is not disputed, they may be considered. *See Jones v. ABN Mortg. Grp., Inc.*, 606 F.3d 119, 125 n.2 (3d Cir. 2010) (citing *Miller v. Clinton Cnty.*, 544 F.3d 542, 550 (3d Cir. 2008) (noting that a "court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiffs [sic] claims are based on the document") (citation and internal quotations omitted)). In the letter, Straker identifies herself and her account, and requests information about her mortgage, including information regarding whether her mortgage "has been credited, debited, adjusted, amortized and charged correctly." Assuming Straker sent a similar request to Homeq, it certainly qualifies as a qualified written request, because it provides "sufficient detail to the servicer regarding other information sought by the borrower." Homeq's alleged failure to timely respond constitutes a violation of § 2605(e), and Straker states a claim with respect to Homeq.

### 3. Section 2607

The magistrate judge also recommends dismissing Straker's RESPA claim under 12 U.S.C. § 2607, alleging that defendant PAMC charged unearned fees in violation of this section. The reason given for this recommendation is that her claim "appear[s] to be time-barred." Straker objects, arguing that her claim is subject to equitable tolling.

Under § 2614, claims relating to improper, unearned closing charges must be brought within a year. *Id.* ("Any action . . . may be brought . . . within . . . 1 year in the case of a violation of section 2607 . . . from the date of the occurrence of the violation.") The Third Circuit has not addressed whether RESPA claims are subject to equitable tolling. *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 307 (3d Cir. 2010). The other circuit courts are split on the issue of the availability of equitable tolling on RESPA claims. *Id.* (comparing *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166–67 (7th Cir. 1997) (upholding availability of equitable tolling) with *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1038 (D.C. Cir. 1986) (holding that equitable tolling is unavailable on a RESPA claim)).

Here, the statute of limitations bar is not evident on the face of the amended complaint. The defendants may argue on a dispositive motion that equitable tolling is not available to the plaintiff, but the claim will not be dismissed at the 12(b)(6) stage.

## H. Claims Against Defendant MERS

Although not addressed in the report and recommendation, defendant MERS asserts that Straker fails to state any claim against it. As the amended complaint and mortgage documents note, MERS was the nominee holding legal title for Fremont, the originating lender. The amended complaint fails to allege that MERS took any actions leading to

Straker's alleged harm. Thus, to the extent that the amended complaint asserts a claim against MERS, it must be dismissed.

**I. Straker's Motion to Strike**

The magistrate judge recommends denying Straker's motion to strike the motions to dismiss on the grounds that they were largely meritorious. Straker does not quibble with this conclusion, and thus her motion will be denied.

### III. Conclusion

The magistrate judge's report and recommendation will be adopted in part and rejected in part. The Court adopts the magistrate judge's recommendation that the plaintiff's civil RICO claim at Count VI of the amended complaint be dismissed. Because the plaintiff has not requested leave to amend or otherwise shown that she could establish a claim under RICO, leave to amend would be futile and will not be given. Likewise, the plaintiff's amended complaint fails to state a claim under 12 U.S.C. § 2605(a)-(b), and her amended complaint will be dismissed as to these claims. The claim under 12 U.S.C. § 2605(e) will be dismissed as to Deutsche Bank.

Further, to the extent that the amended complaint asserts claims against MERS, it will be dismissed. The motions to dismiss the remainder of the claims will be denied. Straker's motion to strike will also be denied.

An appropriate order follows.

February 3, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLISON STRAKER, | |
| Plaintiff, | NO. 3:09-CV-338 |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this 3rd day of February, 2011, **IT IS HEREBY ORDERED** that to the extent the amended complaint brings claims against Mortgage Electronic Registration Systems (MERS), it is **DISMISSED**. It is **FURTHER ORDERED THAT** the report and recommendation (Doc. 43), disposing of defendants' motions to dismiss (Docs. 30, 33) is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

(1) The recommendation that the civil RICO claim be dismissed with prejudice is **ADOPTED**.

(2) The recommendation that the plaintiff's motion to strike (Doc. 35) be denied is **ADOPTED**.

(3) The recommendation that Counts I, III, IV, and V be dismissed with prejudice is **REJECTED**.

(4) The recommendation that all RESPA claims at Count II be dismissed is **REJECTED**. Instead, the plaintiff's amended complaint (Doc. 27) is **DISMISSED** to the extent that it asserts a RESPA claim pursuant to 12 U.S.C.

§ 2605(a)-(b). The claim against Deutsche Bank under 12 U.S.C. § 2605(e) is **DISMISSED**.

                                             /s/ A. Richard Caputo  
                                             A. Richard Caputo  
                                             United States District Judge